## WE–FOUR CORPORATION v. THE WHALER.

## THE MARY GRACE.

### No. 1323.

United States District Court
D. Massachusetts.

June 1, 1948.

Bingham, Dana & Gould, Charles S. Bolster and Seymour P. Edgerton, all of Boston, Mass., for libellant.

Thomas H. Walsh, of Boston, Mass., for libellee.

SWEENEY, Chief Judge.

This is a libel in admiralty filed by the owner of the oil screw fishing vessel Mary Grace in behalf of itself as sole owner of the boat for its loss, and in behalf of the men aboard the Mary Grace at the time comprising her officers and crew, for the loss of personal effects alleged to aggregate not less than $5,000. The respondent, the oil screw fishing vessel, Whaler, denies all liability, and asserts that the loss of the Mary Grace and the loss to her crew were occasioned entirely by the fault of the Mary Grace and those aboard her.

### Findings of Fact

The fishing vessel Whaler left the port of New Bedford on September 19, 1946, bound on a fishing trip. On September 22, 1946, with her hold partially filled with fish, she was dragging in a calm sea with a slight swell and a thick fog. She had been blowing the regular signals used by her and other vessels on the banks of one long and two short blasts at short intervals. While actually dragging, the Whaler had been proceeding at about three knots per hour. Prior to the collision a whistle had been sounded to give the signal to knock out the hook-up block on the after quarter of the vessel. From then on she lost headway and was practically at a standstill when the collsion with the Mary Grace occurred a few minutes later. The Whaler did not have a lookout stationed at the forward part of the bow, but two of the seamen were hauling in the net from the winch. I find that the Whaler was not at fault in failing to maintain a lookout at the most forward part of the boat since they were not under way. It had no more reason to anticipate the approach of a boat

towards the bow than to anticipate the approach of a boat from the stern, or either side. The crew were fishing in the customary manner, blowing their whistle to warn approaching vessels of their presence. They did all that was required under the circumstances to protect themselves and others from harm, and I find no fault in their failure to maintain a lookout on the forward bow.

While it is not necessary for the decision in this case to make a finding on the question of the fault or negligence of the Mary Grace, it is worthy of comment to note that she was proceeding through a thick fog at a rate of speed which, under the circumstances, was excessive. She was proceeding at a speed between five and seven knots per hour. The speed alone might not be sufficient to charge her with fault but, in addition to the speed, I find that she did not sound her whistle or foghorn for a considerable period of time prior to the collision. This time was estimated as of varying lengths, from two to twenty-five minutes.

As a result of the collision, a hole was opened up in the Mary Grace and she sank shortly thereafter.

### Conclusions of Law

From the foregoing facts I conclude and rule that the collision between the two vessels was not caused through the fault or negligence of the Whaler.

Judgment is to be entered for the respondent.